E-Filed - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiff's Motion to Remand (Dkt. 13) and Defendant's Motion for Order Dropping Palm Springs Volvo as a Defendant Pursuant to FRCP 21 (Dkt. 17)

     This Matter is before us on Plaintiff Viola Delafontaine's ("Plaintiff") motion to remand, (("Mot. to Remand"), Dkt. 13,) and Defendant Volvo Cars of North America, LLC's[1] motion for order dropping Palm Springs Volvo as a defendant pursuant to FRCP 21, (("Mot. to Drop"), Dkt. 44.) On the parties' stipulation, we continued the hearing on these motions to January 23, 2017. However, briefing is now complete on these motions, and we deem them appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 23, 2017, is hereby taken off calendar. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I. Background**

     Distributor Defendant distributes automobiles to retailers, including Defendant Palm Springs Volvo, ("Dealer Defendant"), who then sell the vehicles to consumers. (First Amended Complaint ("FAC"), Dkt. 9 ¶¶ 5–6.) In 2011, Plaintiff purchased a vehicle from the Dealer Defendant which came with an express written warranty that the Distributor Defendant would provide compensation if there was a problem with the vehicle during a specified period of time. (*Id.* ¶¶ 8–9.) The vehicle began showing various defects and was taken in for repairs. (*Id.* ¶¶ 10–11.) Although the repairs were unsuccessful, Distributor Defendant and Dealer Defendant did not compensate Plaintiff. (*Id.* ¶ 11.)

---

[1]Defendant claims that Volvo Car USA LLC ("VCUSA") "is the successor to Volvo Cars of North America, LLC, for any obligations alleged in the First Amended Complaint" and is the proper defendant in this action. (Answer to FAC, Dkt. 16 ¶ 5.) There is no motion to substitute defendant. For the purposes of this motion, we will refer to both Volvo Cars of North America, LLC and VCUSA as the "Distributor Defendant."

*E-Filed* - *JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

On July 26, 2016, Plaintiff filed a complaint in the Los Angeles County Superior Court against Distributor Defendant alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq.*).  (Dkt. 1-1.)  On September 21, 2016, the Distributor Defendant removed this action to this court.  (Dkt. 1.)  On October 11, 2016, Plaintiff filed the FAC, adding the Dealer Defendant, removing the Magnuson-Moss Warranty Act claims, removing her statement that she paid "$34,534.36" for the vehicle, and adding a statement that her damages "exceed $25,000."  (Dkt. 9.)

On October 21, 2016, Plaintiff filed a motion to remand because the addition of the Dealer Defendant, a California resident, defeats diversity jurisdiction.  Distributor Defendant opposed the motion to remand and, on October 31, 2016, filed a cross-motion seeking to drop the Dealer Defendant from this action pursuant to Fed. R. Civ. P. 21.

**II.     Motion to Remand**

Plaintiff seeks remand of this action to state court inasmuch as the FAC does not support either federal question or diversity jurisdiction.  Distributor Defendant opposes this motion and requests that we exercise our discretion to deny joinder of the Dealer Defendant pursuant to 28 U.S.C. § 1447(e).[2]

**A.     28 U.S.C. § 1447(e)**

"The Court determines whether to permit joinder under § 1447(e) by reference to the following considerations: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (internal quotation marks omitted).

1.      Needed for Adjudication

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or

---

[2]Although there is a split of authority as to whether Rule 15(a) or § 1447(e) provides the appropriate standard of review, we need not decide that precise question at this time as we conclude that even applying the § 1447(e) discretionary standard, remand is appropriate in this case.

*E-Filed* - *JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

would subject any of the parties to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). A person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). "[W]hile courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), 'amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19].'" *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-cv-00949-CAS, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000)). "'The standard is met when failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Forward-Rossi*, 2016 WL 3396925, at *3 (quoting *IBC Aviation*, 125 F. Supp. 2d at 1012).

The Dealer Defendant is needed for just adjudication within the relaxed meaning of § 1447(e). Plaintiff has alleged that the breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle. Indeed, many, if not most of the acts or omissions giving rise to this action were undertaken by the Dealer Defendant. Trying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs.[3] Accordingly, this factor weighs in favor of joinder.

    2.    Statute of Limitations

If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action. *See Clinco*, 41 F. Supp. 2d at 1083. "'[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial Code.'" *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *5 (C.D. Cal. Nov. 7, 2016) (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 (2009)).

---

[3]Distributor Defendant seems to argue that because it is bound to indemnify the Dealer Defendant for any judgment in plaintiff's favor, the Dealer Defendant is not needed in this action. But, the law appears to grant a separate claim against the retailer. Plaintiff has a right to bring an action against a defendant as to whom the law grants a claim, and to try her case in a manner of her own choosing. Distributor Defendant cites no controlling authority that suggests that it has the right to dictate how a plaintiff ought to plead and prove her case depending on the relationship it has with the co-defendant or its willingness to forego certain potential defenses.

*E-Filed* - *JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

While it is unclear from the FAC whether the alleged breach occurred within the past four years,[4] Plaintiff admits that "[a] new action against [Dealer Defendant] would not be time-barred." (Dkt. 21 at 7:11–12.) Accordingly, this factor weighs against joinder.

3.  Timeliness

"When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Plaintiff filed her FAC within the time limits afforded by Rule 15 and before any dispositive motions were filed. Plaintiff acted in a timely fashion. Accordingly, this factor weighs in favor of joinder.

4.  Motivation for Adding the Dealer Defendant

"'[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint.'" *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, we cannot say that is the sole motivation, especially where there is a seemingly valid claim against the non-diverse defendant. Overall, Plaintiff's motivation weighs somewhat against joinder.

5.  Validity of Claims Against the Dealer Defendant

"'The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e).'" *Sabag*, 2016 WL 6581154, at *6 (quoting *Taylor v. Honeywell Corp.*, No. 9-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)). "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag*, 2016 WL 6581154, at *6 (quoting *Freedman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

---

[4] Plaintiff purchased the vehicle over 4 years ago in 2011, and claims the vehicle contained or developed defects on that date or within one-year thereafter, but no specified date of breach is provided in the FAC or in either Party's motion.

*E-Filed* - *JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

We conclude that at least one of Plaintiff's claims against the Dealer Defendant seems valid: breach of the implied warranty of merchantability. California Civil Code § 1792 states:

> "Unless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable. The retail seller shall have a right of indemnity against the manufacturer in the amount of any liability under this section."

The Dealer Defendant was the retailer in this transaction and Distributor Defendant agrees that there is an "actionable claim against [Dealer Defendant] . . . for statutory breach of implied warranty." (Mot. to Drop 11:8–12.) Instead, Distributor Defendant argues that this claim is invalid because it has to indemnify [Dealer Defendant] for that claim. Distributor Defendant does not cite any authority that joinder of an indemnitee is unnecessary, or somehow renders an otherwise valid claim invalid, simply because its indemnitor is already a party. Accordingly, this factor weighs in favor of joinder.

      6.      Prejudice

Where "the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once," and "[t]o force Plaintiff to proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Verrell v. ROC AZ Villa Antiqua LLC*, No. 14-1730-TUC, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014); *see also Lara v. Bandit Industries, Inc.*, No. 12-cv-2459, 2013 WL 1155523, at *5 (E.D. Cal. March 19, 2013) ("This Court ... finds that precluding Plaintiffs from joining Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court."). This factor supplements the necessity factor by accommodating cases where the claims are more than tangentially related and similar enough that separate litigation would be inefficient and wasteful to the parties and the courts. Here, it would prejudice the Plaintiff and waste judicial resources to conduct parallel litigation in state court against the Dealer Defendant. Accordingly, this factor weighs in favor of joinder.

*E-Filed* - *JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07154-GHK (SKx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | *Viola Delafontaine v. Volvo Cars of N. Am., LLC, et al.* | | |

  Based on the foregoing, we exercise our discretion to permit joinder of the Dealer Defendant.[5] Plaintiff's Motion to Remand is GRANTED.

**III. Motion to Drop Defendant**

  Distributor Defendant filed this related motion to drop the Dealer Defendant from the FAC. This Motion is DENIED. First, it is unclear if Rule 21 is the proper vehicle for this motion as it only refers to dropping misjoined parties. Under Rule 20(a)(2), it cannot be said that the Dealer Defendant is misjoined. Even if we were to interpret the "misjoinder" language in Rule 21 to encompass a defendant whose joinder may be denied by the court under § 1447(e), this Motion is nevertheless DENIED for the reasons set forth in our order granting the motion to remand.

**IV. Conclusion**

  Based on the foregoing, Defendant's Motion to Drop Palm Springs Volvo is DENIED. Plaintiff's Motion to Remand this action to state court is GRANTED. This action is hereby REMANDED to the state court from which it was removed. The Clerk shall effect such remand forthwith.

    **IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | PS |

---

  [5]The FAC also deleted the federal claim, the propriety of which we determine under Fed. R. Civ. P. 15(a)(1). The parties do not dispute that Plaintiff filed her FAC as a matter of right under Rule 15(a)(1). Thus, she was entitled to delete the federal claim from the FAC. 28 U.S.C. § 1447(e) has no application to the deletion of the federal claim as it specifically addresses only the addition of diversity destroying defendants.